# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 21-4576-JFW(RAOx)** | Date: June 30, 2021 |

Title: Lugarda Elias Carrera -v- Sams West, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 15, 2020, Plaintiff Lugarda Elias Carrera ("Plaintiff") filed a Complaint against Defendant Sam's West, Inc. ("Sam's West") and Does 1 to 100 in Los Angeles County Superior Court. On May 4, 2021, Plaintiff filed an Amendment to Complaint in the State Action, substituting Florence Obasi as Doe Defendant 1. On June 3, 2021, Defendant Sam's West filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and the party seeking to avail itself of a removal statute bears the burden of showing that removal is appropriate. *See, e.g., Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). Any doubts about the right to remove are resolved against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). The citizenship of all defendants -- both served and unserved -- determines whether there is complete diversity between the parties. *See, e.g., Fed. Ins. Co. v. Brasscraft Mfg. Co.*, 2014 WL 545786, at *3 (C.D. Cal. Feb. 10, 2014). Because Florence Obasi was named as a defendant prior to the filing of the Notice of Removal, Defendant Sam's West was required to, yet

failed to, allege her citizenship in its Notice of Removal. *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

Moreover, an action must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim. 28 U.S.C. § 1446(b). If the claim was not removable at the time of the initial pleading, a suit must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable. *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 782 (9th Cir.1994); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989). However, "[i]f the case is removable from the outset, it must be removed within the thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D. Cal.1989) (citation omitted). If the case is not removed during the thirty day period, the right to removal is waived and once waived, it is generally waived forever regardless of the changes to the case. *Dunn v. Gaiam*, 166 F.Supp. 2d 1273, 1278-79 (C.D. Cal.2001). In addition, "[a] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 . . . more than 1 year after commencement of the action., unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In this case, before Florence Obasi was substituted as Doe Defendant 1, complete diversity existed between Plaintiff and Sam's West (based on the allegations in the Notice of Removal). Although Sam's West was served with a copy of the summons and complaint on November 18, 2020, Sam's West did not file its Notice of Removal until more than sixth months later, well after the thirty-day period expired. Moreover, Sam's West did not file its Notice of Removal until more than one year after the commencement of this action.

Accordingly, Plaintiff and Sam's West are hereby ordered to show cause, in writing, no later than **July 2, 2021**, why this Court should not remand this action for: (1) lack of complete diversity; (2) Sam's West's failure to remove this action to this Court within thirty days of service of the summons and complaint; and (3) removing this action on the basis of diversity more than one year after the action was commenced. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.